STATE OF WEST VIRGINIA

**FILED**
March 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID R. MARCUM JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0562** (BOR Appeal No. 2049128)
(Claim No. 2013012422)

**ARACOMA COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David R. Marcum Jr., by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aracoma Coal Company, Inc., by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 21, 2014, in which the Board affirmed a December 4, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 14, 2013, decision which denied a right knee arthroscopy. In its Order, the Office of Judges also affirmed the claims administrator's May 6, 2013, decision which closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Marcum, a roof bolter, was injured in the course of his employment on November 8, 2012, when he fell out of a fork lift. He was taken to Logan Regional Medical Center by ambulance that day. On examination, the right knee was limited in range of motion and was swelled. A right knee x-ray was normal, and he was diagnosed with internal derangement of the knee. Mr. Marcum began treatment with Robert McCleary, D.O., shortly after his injury. Dr. McCleary initially diagnosed a right knee sprain and recommended physical therapy, which Mr.

Marcum completed with no improvement. The claim was held compensable for sprain of unspecified site of the knee and leg. A right knee MRI taken in November of 2012 revealed no evidence of internal derangement. Dr. McCleary reviewed the MRI and opined that the claimant had a medial meniscus tear. He recommended a right knee arthroscopy and requested authorization.

Ronald Fadel, M.D., performed a record review and stated that the previous history of meniscal pathology and joint degeneration strongly suggest a tear, if one was present at all, may be degenerative in nature rather than acute and traumatic. He opined that compelling and supporting indications for the requested surgery, as related to the compensable injury, are not present. Mr. Marcum continued to be treated by Dr. McCleary, who released him to return to work on February 22, 2013. Shortly thereafter, Mr. Marcum underwent a right knee arthroscopic partial menisectomy. He testified in a deposition that he had no right knee problems prior to his compensable injury. He stated that Dr. McCleary only released him to return to work so that he could get the surgery under his private health insurance, which would not cover the surgery if he was still under workers' compensation. He did not actually return to work until April of 2013, after he had right knee surgery.

An independent medical evaluation was performed by Marsha Bailey, M.D., on June 11, 2013. Dr. Bailey diagnosed chronic bilateral knee pain due to bilateral knee degenerative joint disease and arthrosis. She stated that the compensable injury was a simple sprain/strain. She noted that the right knee MRI radiologist specifically stated that there were no meniscal tears, cartilage defects, or joint effusion. Dr. Bailey opined that Mr. Marcum had reached maximum medical improvement for the compensable knee sprain, and his ongoing complaints were solely the result of his degenerative joint disease.

The claims administrator denied authorization of the right knee arthroscopy on January 14, 2013. On May 6, 2013, the claims administrator closed the claim for temporary total disability benefits. The Office of Judges affirmed the decisions in its December 4, 2013, Order. It found that Mr. Marcum sustained a right knee sprain as a result of his compensable injury. An MRI taken shortly after the injury occurred showed no internal derangement, and the only abnormality noted was consistent with intrasubstance degeneration. The Office of Judges found nothing in the record indicating that the treating physician, Dr. McCleary, explained why the postural horn tear, for which Mr. Marcum had the arthroscopy, was the result of the compensable injury and not the degenerative changes seen on the MRI. The Office of Judges found that there was not sufficient evidence from the treating physician to demonstrate that the need for a right knee arthroscopy was the result of the compensable injury.

In regard to the closing of the claim for temporary total disability benefits, the Office of Judges found that Mr. Marcum was released to return to work on February 22, 2013. He subsequently underwent the right knee arthroscopy which caused him to be temporarily and totally disabled. However, it was determined that there was not sufficient evidence that he was temporarily and totally disabled after February 22, 2013, as a result of the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2014.

On appeal, Mr. Marcum argues that the Office of Judges' decision incorrectly concluded that Dr. McCleary failed to explain how the posterior horn tear was caused by the compensable injury. Mr. Marcum asserted that this overly burdens him by requiring him to prove that the injury was not due to the degenerative findings seen on an MRI. He further argued that Dr. McCleary's request for authorization for surgery indicates that he believes the injury is work-related. Aracoma Coal Company, Inc., asserts that the MRI showed degenerative changes and no indication of recent injury. Further, Drs. Fadel and Bailey both opined that Mr. Marcum's right knee problems are the result of degenerative changes, and Dr. McCleary failed to causally connect the right knee problems to the compensable injury. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. There is not sufficient evidence in the record to support a causal connection between the compensable injury and the meniscal tear for which Mr. Marcum underwent arthroscopic surgery. The surgery was therefore properly denied. The claim was also properly closed for temporary total disability benefits. Mr. Marcum was released to return to work on February 22, 2013. His subsequent temporary total disability was the result of the unapproved arthroscopic surgery, not the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified